# IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI
### WESTERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

        v.

AARON RANDALL CLASS,

        Defendant.

Case No. 25-CR-00240-BP

## PLEA AGREEMENT

Pursuant to Rule 11(c)(1)(A) and (B) of the Federal Rules of Criminal Procedure, the parties described below have entered into the following plea agreement:

1.     **The Parties.** The parties to this agreement are the United States Attorney's Office for the Western District of Missouri ("the Government") and AARON RANDALL CLASS ("the defendant"), represented by Marc Ermine. The defendant understands and agrees that this plea agreement is only between the defendant and the Government and that it does not bind any other federal, state, or local prosecution authority or any other government agency, unless otherwise specified.

2.     **Defendant's Guilty Plea.** The defendant agrees to plead guilty to Count One of the information that charges the defendant with violating 18 U.S.C. § 113(a)(5), that is, simple assault. By entering into this plea agreement, the defendant admits to committing this offense and to being guilty of this offense.

3.     **Statutory Penalties.** The defendant understands Count One of the information carries the following maximum penalties: not more than six months' imprisonment, not more than one year of supervised release, a fine of not more than $5,000, and a $25 mandatory special

assessment that must be paid in full at the time of sentencing. The defendant further understands that this offense is a Class B misdemeanor.

4.      **Factual Basis for Guilty Plea.** The parties stipulate that the following facts are true and establish both a factual basis for the defendant's guilty plea and the defendant's guilt beyond a reasonable doubt:

On or about November 1, 2024, an air traffic controller for the Charles B. Wheeler Downtown Airport contacted the North Kansas City Police Department to report a pilot being struck by a green laser originating from the ground somewhere near Macken Park in North Kansas City, Missouri. The pilot who was struck indicated he had been struck previously by lasers on multiple occasions, with the laser originating from the same location around the same time each night.

On or about November 23, 2024, at approximately 12:18 a.m., a North Kansas City Police Department officer observed a man, later identified as Aaron Randall Class (hereinafter "the defendant"), riding a bicycle towards the track at the Norclay Building, located at 2601 Howell St., North Kansas City, Missouri, located within the Western District of Missouri. The defendant had a bright flashlight that he was shining all around, including into the sky. The defendant entered the track and began walking around. At approximately 12:33 a.m., a low-flying aircraft in the special aircraft jurisdiction of the United States began approaching from the north towards the Charles B. Wheeler Downtown Airport. As the aircraft approached, the police officer observed the defendant shine a green laser pointer into the air several times. The pilot of the aircraft later confirmed that his aircraft was struck by the laser pointer, rendering the pilot temporarily unable to see. Specifically, the aircraft was an Aero Commander 500B aircraft with tail number N523AT. The laser beam put the pilot in reasonable apprehension of bodily harm.

When being informed by the arresting officer as to why he was being arrested, the defendant apologized and said he would stop. Then, while sitting in the back of the police vehicle, with no officers present, the defendant was recorded stating that he did not know it was illegal, but that he had been "screwing around" and "having fun" with the laser. He said he gets "flyers" over his house and thought it was funny to pull out the laser and aim it at the aircraft. While leaving the police station after being released and told he was not being charged with anything at the time, a police officer told the defendant to stop pointing lasers at airplanes, noting that law enforcement officials knew he had been doing it for weeks. The defendant stated in response: "Yeah, I have."

Pursuant to this plea agreement, the defendant admits that on November 23, 2024, within the Western District of Missouri, he aimed a laser beam from a

2

laser pointer at an Aero Commander 500B aircraft with tail number N523AT, an aircraft that was in the special aircraft jurisdiction of the United States and that the beam of the laser put the pilot of the aircraft in reasonable apprehension of bodily harm, in violation of 18 U.S.C. § 113(a)(5).

5.     **Use of Factual Admissions and Relevant Conduct.** The defendant understands and agrees that the facts contained in ¶ 4 and other portions of this plea agreement, as well as admissions the defendant makes during the change of plea hearing, will be used to determine the defendant's guilt and the defendant's advisory sentencing range under the United States Sentencing Guidelines. The defendant likewise understands and agrees that the conduct charged in any dismissed counts of the indictment and all other uncharged related criminal activity may be considered as "relevant conduct" for purposes of calculating the defendant's advisory sentencing range under the Guidelines.

The defendant further understands that Federal Rule of Criminal Procedure 11(f) and Federal Rule of Evidence 410 ordinarily limit the admissibility of statements made by a defendant during plea discussions or plea proceedings if a guilty plea is later withdrawn. The defendant knowingly and voluntarily waives the rights that arise under those rules and agrees that any such statements, as well as the facts contained in ¶ 4 and other portions of this plea agreement, may be used against the defendant at any time and in any proceeding should the defendant withdraw from this plea agreement.

6.     **Sentencing Procedures.** The defendant understands that in determining the appropriate sentence, the Court may impose any sentence authorized by law. The defendant further understands that the Court will find facts by a preponderance of the evidence for all issues pertaining to the determination of the defendant's sentence. The defendant waives any right to a jury finding beyond a reasonable doubt of all facts used to determine the sentence imposed and waives any right to have those facts alleged in an indictment. The defendant also

3

understands that in finding the facts relevant to the imposition of the defendant's sentence, the Court may consider any reliable information, including hearsay, and that the Court will not be bound by any recommendation regarding the application of the Guidelines or the sentence to be imposed made by the United States Probation Office or the parties.

The defendant likewise understands that any term of imprisonment the Court may impose will not allow for parole and that in addition to a term of imprisonment the Court may impose a term of supervised release. The defendant further understands that a violation of a condition of supervised release could result in the Court imposing an additional term of imprisonment as well as an additional term of supervised release to follow, both subject to the statutory maximums set forth in 18 U.S.C. § 3583.

7. **Government's Agreements.** Based upon evidence in its possession at this time, the Government agrees not to pursue any additional charges against the defendant for any federal criminal offenses related to his aiming a laser pointer at an aircraft for which it has venue and that arose out of the defendant's conduct described above. Additionally, the Government agrees to dismiss the indictment at sentencing.

The defendant understands that this plea agreement does not foreclose any prosecution for murder or attempted murder; physical or sexual violence; aiding and abetting, attempting, soliciting, or conspiracy to commit murder or physical or sexual violence; and any criminal activity currently unknown to the Government.

8. **Preparation of Presentence Report.** The defendant understands and agrees the Government will provide the Court and the United States Probation Office a version of the offense conduct. This may include information concerning the background, character, and conduct of the defendant, including the entirety of the defendant's criminal activities. The

4

defendant understands these disclosures are not limited to the count to which the defendant will plead guilty. The Government may respond to comments made or positions taken by the defendant or the defendant's counsel and may correct any misstatements or inaccuracies.

9. **Withdrawal of Plea.** Except for change of plea hearings before a United States Magistrate Judge, either party reserves the right to withdraw from this plea agreement at any time prior to the United States District Judge formally accepting the defendant's plea of guilty. In the event of such withdrawal, the parties will be restored to their pre-plea agreement positions to the fullest extent possible.

If the defendant waives the right to plead guilty before a District Judge and consents to plead guilty before a United States Magistrate Judge, then the parties' rights to withdraw from this plea agreement for any reason terminate upon the Magistrate Judge's completion of the change of plea hearing with a recommendation that the guilty plea be accepted.

After the District Judge accepts the defendant's guilty plea, or the Magistrate Judge completes the change of plea hearing, the defendant may withdraw the plea only if the defendant can show a fair and just reason for requesting the withdrawal. The defendant understands that if the Court accepts the plea, the defendant may not withdraw the plea solely because of the nature or length of the sentence imposed, including if the Court imposes a sentence that is outside the defendant's advisory sentencing range under the United States Sentencing Guidelines or a sentence that the defendant does not expect, like, or agree with.

10. **Agreed Guidelines Applications.** With respect to the application of the United States Sentencing Guidelines to this case, the parties stipulate and agree as follows:

  a. According to U.S.S.G. § 1B1.9, the sentencing guidelines do not apply to any count of conviction that is a Class B misdemeanor.

  b. The parties agree to seek a sentence of a term of probation. This agreement restricting the parties' sentencing recommendations, however, does not

5

bind the Court or the United States Probation Office, and the Court may impose any sentence authorized by law.

c. The parties acknowledge and agree that there are no agreements between the parties with respect to any sentencing issues other than those specifically listed in this paragraph, including its subparagraphs. As to any other issues, the parties are free to advocate their respective positions before the Court.

11. **Government's Reservation of Rights.** The Government reserves the right to comment on the evidence supporting the offense conduct in this case and the right to oppose any position advanced by the defendant at sentencing that might be inconsistent with this plea agreement. The Government also reserves its right to make any recommendations it deems appropriate regarding the disposition of this case, subject only to any limitations set forth in this plea agreement. The Government further reserves the right to oppose, when consistent with this plea agreement, any arguments the defendant might advance on direct appeal or in post-conviction proceedings. In particular, the Government remains free to defend the legality and propriety of the defendant's sentence on appeal or collateral attack, even if the Court chooses not to follow any recommendation made by the Government.

12. **Waiver of Constitutional Rights.** The defendant understands that a guilty plea is a complete and final admission of guilt, that by pleading guilty the defendant waives certain constitutional rights, and that the Court will adjudge the defendant guilty without a trial. In particular, the defendant acknowledges being advised of, understanding, and knowingly and voluntarily waiving (1) the right to plead not guilty and to persist in a plea of not guilty; (2) the right to be presumed innocent until the defendant's guilt has been established beyond a reasonable doubt at trial; (3) the right to a jury trial; (4) the right to be represented by, and receive the effective assistance of, counsel—and if necessary, have the Court appoint counsel—at trial and at every stage of the proceeding; (5) the right to confront and cross-examine adverse witnesses at trial; (6) the right to be protected from compelled self-incrimination; and (7) the

6

rights to testify, to present evidence, and to compel or subpoena a witness to appear on the defendant's behalf at trial.

13.      **Statements During Plea.** The defendant understands that during the change of plea hearing, the Court may ask the defendant questions about the offense underlying the defendant's guilty plea, and if the defendant answers those questions under oath and in the presence of counsel, the defendant's answers may later be used against the defendant in a prosecution for perjury or making a false statement.

14.      **Waiver of Pre-Trial Motions.** The defendant understands the right to file certain pre-trial motions and knowingly and voluntarily withdraws any pending motions, waives the right to have any pending motions resolved, and waives the right to file any additional pre-trial motions in this case. This waiver includes, but is not limited to, any motions based on the statute of limitations, the Speedy Trial Act, or any grounds enumerated in Federal Rule of Criminal Procedure 12(b)(3).

15.      **Waiver of Appellate and Post-Conviction Rights.** The defendant understands and acknowledges the right to directly appeal the conviction or sentence in this case and any right to challenge the conviction or sentence collaterally through post-conviction proceedings, including through proceedings under 28 U.S.C. § 2255, 28 U.S.C. § 2241, and *corum nobis.* In exchange for the concessions made by the Government in this plea agreement, the defendant knowingly and voluntarily waives all rights to directly appeal or collaterally attack the conviction or sentence on any non-jurisdictional ground except (1) ineffective assistance of counsel, (2) prosecutorial misconduct, or (3) a sentence greater than the statutory maximum. These are the only non-jurisdictional grounds for direct appeal or collateral attack not waived by this plea agreement.

7

The grounds for direct appeal or collateral attack that are waived include, but are not limited to, the following: sentencing errors such as a misapplication of the United States Sentencing Guidelines, an abuse of discretion, or the imposition of an unreasonable sentence; any restitution or forfeiture order; any challenge to the constitutionality of the statute or statutes to which the defendant is pleading guilty or under which the defendant is sentenced; any argument that the defendant's admitted conduct does not fall within the scope of the statute or statutes to which the defendant is pleading guilty; any argument that the defendant's plea was not voluntary; and any argument that the defendant's constitutional rights were violated, other than due to ineffective assistance of counsel or prosecutorial misconduct.

If, however, the Government exercises its right to appeal the sentence imposed under 18 U.S.C. § 3742(b), the defendant is released in part from this waiver and may cross-appeal the sentence imposed as allowed under 18 U.S.C. § 3742(a) with respect to any issues that have not been agreed upon in this agreement.

The defendant acknowledges discussing this appeal waiver with counsel and understanding its terms. The defendant waives any explanation of the terms of this waiver under Federal Rule of Criminal Procedure 11(b)(1)(N).

16.      **Waiver of FOIA Request.** The defendant waives all rights to obtain, directly or through others, information about the investigation and prosecution of this case under the Freedom of Information Act and the Privacy Act of 1974.

17.      **Defendant's Breach of Plea Agreement.** If the Court determines the defendant committed any crime or violated any condition of release between the signing of this agreement and the date of sentencing; failed to appear for sentencing; provided intentionally misleading, incomplete, or untruthful information to the Government, the United States Probation Office or

8

the Court; or otherwise breached any term of this plea agreement, the Government will be released from its obligations under this agreement and will retain the right to proceed with the original charges and any other criminal violations established by the evidence. The defendant, however, will remain bound by the terms of this agreement, and will not be allowed to withdraw the guilty plea entered pursuant to this agreement. The defendant likewise will waive the right to challenge the initiation of the dismissed or additional charges following a finding of breach, including by asserting a statute of limitations defense.

18.  **Defendant's Representations.** The defendant acknowledges entering into this plea agreement freely and voluntarily after receiving the effective assistance, advice, and approval of counsel. The defendant acknowledges being satisfied with the assistance of counsel and that counsel has fully advised the defendant of the rights and obligations arising from this agreement. The defendant further acknowledges that no threats or promises, other than the terms and conditions of this agreement, have been made by the Government, the Court, the defendant's counsel, or any other person to induce the defendant to enter a plea of guilty.

19.  **No Undisclosed Terms.** The parties agree that the above-stated terms and conditions, together with any written supplemental agreement that might be presented to the Court in camera, constitute the entire plea agreement between the parties and that any purported term or condition not expressly set forth in this agreement, or an in camera supplement, is not enforceable.

R. Matthew Price
United States Attorney

Dated: 5/27/2026

Brandon Chlarson
Special Assistant United States Attorney

9

I have consulted with my attorney and fully understand all of my rights with respect to the offense charged in the indictment and information. Further, I have consulted with my attorney and fully understand my rights with respect to the provisions of the United States Sentencing Guidelines. I have read this plea agreement and carefully reviewed every part of it with my attorney. I understand this plea agreement and I voluntarily agree to it.

Dated: 5/27/25

_____
Aaron Randall Class
Defendant


I am defendant Aaron Randall Class's attorney. I have fully explained to my client his rights with respect to the offense charged in the indictment and information. Further, I have reviewed with my client the provisions of the United States Sentencing Guidelines which might apply in this case. I have carefully reviewed every part of this plea agreement with my client. To my knowledge, Aaron Randall Class's decision to enter into this plea agreement is an informed and voluntary one.

Dated: 5/28/25

_____
Marc Ermine
Attorney for Defendant

10